UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

Megan Friend
and other similarly
situated individuals,

    Plaintiff(s),

v.

Kids Cabana Learning Center
Of Volusia County LLC
and Michelle Bondi, individually
    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Megan Friend, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Kids Cabana Learning Center Of Volusia County LLC and Michelle Bondi, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Megan Friend is a resident of Volusia County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Kids Cabana Learning Center Of Volusia County LLC (from now Kids Cabana Learning Center, or Defendant) is a Florida Limited Liability Company, having a business in Volusia County, Florida, where Plaintiff worked for Defendant.

4. The individual Defendant, Michelle Bondi, was and is now, now the owner/partner/officer and directed operations of Defendant corporation Kids Cabana Learning Center. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Volusia County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Megan Friend as a collective action to recover from the Defendants minimum wages overtime compensation, retaliatory liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during

one or more weeks on or after November 2022, (the "material time") without being adequately compensated.

7. Defendant Kids Cabana Learning Center is a daycare and learning center providing care and education programs for children starting six weeks old up to five years.

8. Defendant Kids Cabana Learning Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2)(A), and 203(s)(1)(A). Defendant is an institution engaged in the care of preschool children. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a teacher assistant and caregiver providing care to preschool children. To perform her work, Plaintiff regularly handled and worked on goods and materials produced

for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Kids Cabana Learning Center and Michelle Bondi employed Plaintiff Megan Friend as a non-exempted, full-time, hourly employee from approximately November 22, 2022, to February 01, 2023, or 10 weeks.

11. Plaintiff was hired as a teacher assistant and caregiver for the children. Plaintiff had a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

12. Plaintiff's duties included taking care of the children, changing diapers, assisting with teaching curriculum, and cleaning the daycare after 6:30 PM.

13. During her employment with Defendant, Plaintiff worked from Monday to Friday from 8:30 AM to 6:30 PM (10 hours daily) or 50 hours weekly.

14. AT 6:30 PM, Plaintiff's supervisor, Mrs. Sherley Tellis, clocked Plaintiff out and required her to stay cleaning the place until 7:30 PM. Plaintiff was required to work one off-the-clock hour from Monday to Friday or five off-the-clock hours weekly. Plaintiff was not compensated for these off-the-clock hours.

15. These five off-the-clock hours constitute five additional unpaid overtime hours.

16. Thus, from Monday to Friday, Plaintiff worked a total of 55 hours weekly.

17. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

18. Plaintiff was not able to take bonafide lunchtime periods.

19. Plaintiff clocked in and out using a phone application. Thus, Defendants could track the number of hours worked by Plaintiff from 8:30 AM to 6:30 PM and required her to work off-the-clock hours without compensation.

20. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

21. Plaintiff was paid bi-weekly, with paystubs that did not provide the actual number of hours worked during the week.

22. On or about January 01, 2023, Plaintiff complained to Supervisor Sherley Trelles about working overtime hours without compensation. Plaintiff told the supervisor that she opposed being clocked out for somebody else when she continued working. In addition, Plaintiff also complained about working conditions regarding the care of the children.

23. After this complaint, Defendants retaliated against Plaintiff by reducing her working hours to less than 40 weekly.

24. On or about January 27, 2023, Plaintiff complained to her supervisor Sherley Tellis again about the unpaid overtime hours, and Plaintiff also requested more working hours.

25. However, as a result of this complaint, on or about February 01, 2022, supervisor Sherley Tellis fired Plaintiff.

26. At times mentioned, individual Defendant Michelle Bondi was, and is now, the owner/partner/and operated Kids Cabana Learning Center. Defendant Michelle Bondi was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Kids Cabana Learning Center's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Michelle Bondi had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, she is jointly and severally liable for Plaintiff's damages.

27. Plaintiff Megan Friend seeks to recover regular unpaid overtime wages for every hour worked over 40 during her employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

28. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour and failed to pay overtime hours at the rate of time and one-half their regular rate.

30. This action is intended to include every teacher assistant, caregiver employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

31. Plaintiff Megan Friend re-adopts every factual allegation stated in paragraphs 1-30 above as if set out in full herein.

32. This cause of action is brought by Plaintiff Megan Friend as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on

or after November 2022, (the "material time") without being adequately compensated.

33. Defendants Kids Cabana Learning Center and Michelle Bondi employed Plaintiff Megan Friend as a non-exempted, full-time, hourly employee from approximately November 22, 2022, to February 01, 2023, or 10 weeks.

34. Plaintiff was hired as a teacher assistant and caregiver for the children. Plaintiff had a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

35. During her employment with Defendant, Plaintiff worked from Monday to Friday from 8:30 AM to 6:30 PM (10 hours daily) or 50 hours weekly.

36. Plaintiff's supervisor, Mrs. Sherley Tellis, clocked Plaintiff out but required Plaintiff to stay cleaning the place until 7:30 PM. Plaintiff was required to work one off-the-clock hour from Monday to Friday or five off-the-clock hours weekly.

37. These five off-the-clock hours constitute five additional unpaid overtime hours.

38. Thus, from Monday to Friday, Plaintiff worked a total of 55 hours weekly.

39. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

40. Plaintiff clocked in and out using a phone application. Thus, Defendants could track the number of hours worked by Plaintiff from 8:30 AM to 6:30 PM and required her to work off-the-clock hours without compensation.

41. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

42. Plaintiff was paid bi-weekly, with paystubs that did not provide the actual number of hours worked during the week.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of her unpaid O/T based on her recalls and her knowledge. Plaintiff will amend her Statement of Claim after discovery.

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    a. <u>Total amount of alleged unpaid O/T wages</u>:

    One Thousand Six Hundred Twenty Dollars and 00/100 ($1,620.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 10 weeks
    Relevant weeks of employment: 6 weeks
    Total hours worked: 55 hours weekly average
    Total unpaid O/T hours: 15 overtime hours
    Rate paid: $12.00 an hour x 1.5=$18.00
    O/T rate: $18.00 an hour

    O/T 18.00 x 15 O/T hours=$270.00 weekly x 6 weeks=$1,620.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:[1]

    This amount represents unpaid overtime wages.

46. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. Defendants Kids Cabana Learning and Center Michelle Bondi willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Megan Friend and those similarly situated respectfully

request that this Honorable Court:

- A. Enter judgment for Plaintiff Megan Friend and other similarly situated individuals and against Defendants Kids Cabana Learning and Center Michelle Bondi based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

- B. Award Plaintiff Megan Friend actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

- C. Award Plaintiff an equal amount in double damages/liquidated damages; and

- D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

- E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Megan Friend demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3), AGAINST ALL DEFENDANTS

50. Plaintiff Megan Friend re-adopts every factual allegation stated in paragraphs 1-30 of this complaint as if set out in full herein.

51. Defendant Kids Cabana Learning Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

52. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

53. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

54. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......."

55. Defendants Kids Cabana Learning Center and Michelle Bondi employed Plaintiff Megan Friend as a non-exempted, full-time, hourly employee from approximately November 22, 2022, to February 01, 2023, or 10 weeks.

56. Plaintiff was hired as a teacher assistant and caregiver for the children. Plaintiff had a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

57. During her employment with Defendants, Plaintiff worked from Monday to Friday from 8:30 AM to 6:30 PM (10 hours daily) or 50 hours weekly.

58. Plaintiff's supervisor, Mrs. Sherley Tellis, clocked Plaintiff out but required Plaintiff to stay cleaning the place until 7:30 PM. Plaintiff was required to work one off-the-clock hour from Monday to Friday or five off-the-clock hours weekly. Plaintiff was not compensated for these working hours.

59. These five off-the-clock hours constitute five additional unpaid overtime hours.

60. Thus, from Monday to Friday, Plaintiff worked a total of 55 hours weekly.

61. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

62. Plaintiff clocked in and out using a phone application. Thus, Defendants could track the number of hours worked by Plaintiff from 8:30 AM to 6:30 PM and required her to work off-the-clock hours without compensation.

63. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

64. Plaintiff was disappointed with the lack of payment for hours worked, and on or about January 01, 2023, Plaintiff complained to her supervisor Sherley

Tellis. Plaintiff complained about unpaid overtime hours and about the practice of having somebody else clock her out when she still was working. Plaintiff also complained about working conditions regarding the care of the kids.

65. As a direct result of Plaintiff's complaints, Defendants reduced her working hours to less than 40 hours weekly, and she suffered a hostile working environment.

66. On or about January 27, 2023, Plaintiff complained to her supervisor Sherley Tellis again about the unpaid overtime hours worked. Plaintiff also requested more working hours. She had been paid one week of 19 hours and the following week 16 hours.

67. These complaints constituted protected activity under the FLSA.

68. However, as a result of these complaints, on or about February 01, 2022, supervisor Sherley Tellis fired Plaintiff.

69. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

70. There is close proximity between Plaintiff's protected activity and her termination.

71. The motivating factor which caused Plaintiff's discharge, as described above, was her complaints seeking unpaid overtime wages from Defendant. In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

72. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

73. Plaintiff Megan Friend has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees.

Prayer For Relief

Wherefore, Plaintiff Megan Friend respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Kids Cabana Learning and Center Michelle Bondi that Plaintiff Megan Friend recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Kids Cabana Learning and Center Michelle Bondi to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Megan Friend further prays for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiff Megan Friend demands trial by a jury of all issues triable as of right by a jury.

Date: February 28, 2023,

                                            Respectfully submitted,

                                            By: **/s/ Zandro E. Palma**
                                            ZANDRO E. PALMA, P.A.
                                            Florida Bar No.: 0024031
                                            9100 S. Dadeland Blvd.
                                            Suite 1500
                                            Miami, FL 33156
                                            Telephone:    (305) 446-1500
                                            Facsimile:     (305) 446-1502
                                            zep@thepalmalawgroup.com
                                            *Attorney for Plaintiff*