UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MEGAN FRIEND,**

      **Plaintiff,**

v.                                                                       Case No: 6:23-cv-360-PGB-EJK

**KIDS CABANA LEARNING
CENTER OF VOLUSIA COUNTY
LLC and MICHELLE BONDI,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Entry of Default against Defendants, filed June 14, 2023. (Doc. 15.) Therein, Plaintiff seeks entry of a Clerk's default as to Defendants Kids Cabana Learning Center of Volusia County, LLC (hereinafter "Kids Cabana"), and Michelle Bondi. (*Id.*) For the reasons set forth below, the Motion is denied.

### I.     BACKGROUND

Plaintiff instituted this action against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201–219, on February 28, 2023. (Doc. 1.) On March 3, 2023, Plaintiff served a copy of the summons and the Complaint on Defendants at 949 Beville Road, Daytona Beach, Florida 32119. Angela Kennedy, the facility director at Kids Cabana Learning Center, received service of process on behalf

of Kids Cabana and Michelle Bondi. (Docs. 7, 13.) As more than 21 days have passed since Defendants were served, Plaintiff filed the instant Motion.

## II. DISCUSSION

Defendants have not responded to Plaintiff's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on Defendants.

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be perfected by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). As to a corporate defendant, the Federal Rules provide that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Thus, Florida's procedures on service of process will apply here.

The Florida Statutes permit process to be served on a limited liability company by serving either the registered agent under Chapter 605 or the registered agent's

- 2 -

employee. Fla. Stat. § 48.062(1). If service cannot be made on a registered agent of the limited liability company because its registered agent cannot, with reasonable diligence, be served, process against the limited liability company may be served:

> (a) On a member of a member-managed limited liability company;
> (b) On a manager of a manager-managed limited liability company; or
> (c) If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service. After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours.

Fla. Stat § 48.062(2).

Here, Angela Kennedy accepted service on behalf of Defendants. (Docs. 7, 13.) However, as an individual, Defendant Michelle Bondi must be served personally. Fed. R. Civ. P. 4(e)(2)(A). Therefore, the undersigned finds that service was not perfected on Defendant Bondi. As to Defendant Kids Cabana, service must be made on Kids Cabana's registered agent or its registered agent's employee. Fla. Stat. § 48.062(1). According to Florida's Division of Corporation, Michelle Bondi is Defendant Kids Cabana's registered agent.[1] While the Affidavit of Service notes that Angela Kennedy

---

[1] *Detail by Entity Name of Kids Cabana Learning Center of Volusia County, LLC*, Division of Corporations, an official State of Florida Website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=KIDSCABANALEARNINGCENTERVOLUSI%20L160001235810&aggregateId=flal-l16000123581-80632e23-0180-4615-8e50-7832bf3dc8ba&searchTerm=Kids%20Cabana%20Learning%20Center%20&listNam

serves as Kids Cabana's Facility Director, the Motion does not provide sufficient evidence to show that Angela Kennedy is Michelle Bondi's designated employee. (Doc. 15.) Thus, the Court will deny the Motion without prejudice, and Plaintiff may renew its motion against Defendant with supporting documentation to establish that service was effected upon the registered agent or the registered agent's designated employee.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Motion for Clerk's Entry of Default against Defendants (Doc. 15) is **DENIED without prejudice.** Plaintiff may file a renewed motion that addresses the deficiencies in this Order, or, alternatively, may re-serve Defendants **within 30 days** of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

eOrder=KIDSCABANALEARNINGCENTER%20L140000665240 (last visited July 11, 2023).